IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

STEPHEN P. SHELTON,

      Plaintiff,

vs.                                                           Civ. No. 99-352 PK/WWD

THE BOARD OF REGENTS OF THE
UNIVERSITY OF NEW MEXICO,

      Defendant.

## MEMORANDUM OPINION AND ORDER

This matter comes before the Court upon Defendant's Motion to Compel filed September 24, 1999. Defendant seeks an Order directing Plaintiff to answer certain interrogatories. Under our Local Rules we require a person seeking such an Order to append to her motion copies of the interrogatories in question along with the answers or objections made by the party being sent the interrogatories. D.N.M.-LR Civ. 37.1. We do this so that the judge considering the motion to compel has before him or her the precise question and response over which ruling is sought instead of an advocate's interpretation of what was asked and what was answered. I have usually insisted on compliance with this rule because I do not like to play blind man's bluff with lawyers in discovery.

In the present motion, Defendant seeks an Order compelling full and complete answers to Interrogatories 5, 8, and 9. Copies of those interrogatories and the responses made by Plaintiff are attached as Exhibits B, C, and E to Defendant's Memorandum Brief in support of Defendant's Motion to Compel Discovery. In this instance, I will consider these attachments as being the same as if they were attachments to the motion; nevertheless, the responses to interrogatories 8 and 9 which were included as Exhibits B and C to Defendant's Memorandum Brief in support of Defendant's Motion to

Compel Discovery, refer to previous answers to the same interrogatories 8 and 9, and unfortunately the previous answers are not included with the motion or the supporting memorandum. Plaintiff, while willing to argue that the cumulative answers to interrogatories 8 and 9 are adequate, also fails to supply me with the previous answers. Finally, in its Reply Memorandum in Support of Defendant's Motion and Memorandum to Compel, Defendant includes what apparently is the previous answer to Interrogatory 8. If you are getting tired of hearing about interrogatories 8 and 9, you may have some appreciation for my reaction to being asked to sort out this prolix puzzle of collective ineptitude. I will require no further answers to interrogatories 8 and 9.

Interrogatory 5 is a proper interrogatory and should be answered fully and completely within 15 days of the date of this order. It is unrealistic to make a claim for emotional distress and then not to permit discovery in areas which might be considered to be stressors.

Our local rules require execution of a medical release where the "physical or mental medical condition of a party is an issue." D.N.M.-LR Civ. 26.3(d). The same rationale applies as in the preceding paragraph: accordingly, a release should be executed forthwith.

I find that the objection to furnishing the releases for educational and employment records is well taken. Execution of these releases will not be ordered.

Discovery in this cause shall proceed in accordance with the forgoing.

 IT IS SO ORDERED.

_____
**UNITED STATES MAGISTRATE JUDGE**