IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

| | |
|---|---|
| STEPHEN P. SHELTON,<br><br>      Plaintiff,<br>vs.<br><br>THE BOARD OF REGENTS OF THE<br>UNIVERSITY OF NEW MEXICO,<br><br>      Defendant. | No. CIV 99-0352 PK/WWD |

MEMORANDUM OPINION AND ORDER

THIS MATTER comes on for consideration of Plaintiff's Opposed Motion for Protective Order filed December 23, 1999 (doc. 55), and Defendant's Motion to Exclude the Testimony of [Dr.] Koon Meng Chua filed December 27, 1999 (doc. 56), in which Defendant also seeks costs and attorney's fees in responding to Plaintiff's motion. The court, being advised fully in the premises, finds that the motion for a protective order and the motion to exclude the testimony of Dr. Chua should be denied, but that Defendant should be awarded costs and attorney's fees (assessed against Plaintiff's counsel) in responding to Plaintiff's motion for a protective order.

## Background

Prior to the close of discovery, Defendant had twice served notice of Dr.

Chua's deposition and subpoenaed him. The depositions were vacated at the request of Plaintiff's counsel on the grounds that Dr. Chua was attempting to obtain counsel. After Dr. Chua obtained counsel, the parties agreed that his deposition would occur on December 23, 1999, and he would appear voluntarily without the need for service of a notice or subpoena. That the deposition finally occur is important because the substantive motion package filing deadline in this case is January 31, 2000.

Although Dr. Chua appeared at the deposition, Plaintiff's counsel terminated the deposition on the grounds that a lawyer from the Department of Justice, ostensibly at the behest of Defendant, had phoned Dr. Chua the day before and warned him if he disrupted the operations of Defendant, Defendant could withdraw his tenure. See Defendant's Response to Motion for Protective Order and Motion to Exclude the Testimony of Koon Meng Chua filed Dec. 27, 1999 at Ex.1 (Depo. Tr.) (doc. 56); see also Opposed Motion for Protective Order filed Dec. 23, 1999 at Ex. 1 (Chua aff.) (doc. 55). Regardless of the sum and substance of the conversation, by all accounts it related to enforcement of the consent decree in No. CIV 97-1624 JP/LFG, United States v. Board of Regents (D.N.M. Dec. 31, 1997), and Dr. Chua's attempt to obtain counsel by placing an ad in the state bar bulletin.

Discussion

A protective order may be sought "to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." Fed. R. Civ. P. 26(c). Both federal and state law prohibit and protect against retaliation in this context. See 42 U.S.C. § 2000e-3(a); N.M. Stat. Ann. § 28-1-7(I) (Michie 1996 Repl. Pamp.). Although the Department of Justice caller referred to a December 17, 1999, letter from Defendant's institutional counsel pertaining to the consent decree, there was absolutely no evidence then or now that Defendant was attempting to intimidate Dr. Chua in this case pertaining to Dr. Shelton.

Terminating the deposition was improper; at most, an objection would have sufficed. See Fed. R. Civ. P. 30(c). Dr. Chua could have been questioned about this matter. Moreover, to what end was the deposition terminated? To seek a protective order so that the court could tell Dr. Chua that he could testify freely and without intimidation (even before he began testifying) is putting the cart before the horse.

Pursuant to Fed. R. Civ. P. 26(c) and 37(a)(4), Plaintiff's counsel should be assessed the costs and attorney's fees in responding to the motion for a protective order. See Rickels v. City of South Bend, 33 F.3d 785, 786-87 (7th Cir. 1994). As noted above, the motion for a protective order was unfounded and technically it was untimely as the discovery motion filing deadline had not been extended, see Initial Pretrial Report filed June 11, 1999 at 5 (doc. 15).

Plaintiff's counsel has been afforded an opportunity through the pleadings to be heard on Defendant's requests, including that Dr. Chua's testimony be stricken. The making of the motion for a protective order was not substantially justified, see Akros Installations, Inc. v. Grand National Bank (In re Akros Installations, Inc. ), 834 F.2d 1526, 1530 (9th Cir. 1987), and no other circumstances would make the award of costs and attorney's fees unjust.

NOW, THEREFORE, IT IS ORDERED, ADJUDGED AND DECREED that Plaintiff's Opposed Motion for Protective Order filed December 23, 1999 (doc. 55) is denied; and

IT IS FURTHER ORDERED, ADJUDGED AND DECREED THAT Defendant's Motion to Exclude the Testimony of Koon Meng Chua filed December 27, 1999 (doc. 56), is DENIED, but the request for costs and attorney's fees contained therein is GRANTED; and

IT IS FURTHER ORDERED, ADJUDGED AND DECREED THAT Defendant shall submit its motion quantifying its request for costs and attorney's fees incurred in responding to Plaintiff's motion for a protective order within thirty days from the date of entry of this Order.

DATED this 7th day of January 1999, at Santa Fe, New Mexico.

*Paul Kelly Jr.*
United States Circuit Judge
Sitting by Designation

Counsel:

Chris Key, Albuquerque, New Mexico, for Plaintiff Stephen P. Shelton.

George R. McFall, Modrall, Sperling, Roehl, Harris & Sisk, P.A., Albuquerque, New Mexico, for Defendant the Board of Regents of the University of New Mexico.